**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**
**IN ADMIRALTY**

| | | |
|---|---|---|
| PORTLAND YACHT SERVICES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>*M/V GHOST* (O.N. 1222844)<br>*her engines, boilers, tackle, electronics, and all appurtenances, etc.,*<br><br>*in rem,*<br><br>Defendants. | ) | **Case No. ____________** |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff, by and through its counsel, as and for its Complaint *in rem* against Defendant *M/V GHOST* (O.N. 1222844), her engines, boilers, tackle, electronics, and all appurtenances, etc. (the "Vessel"), to enforce its maritime lien against Defendant Vessel, states as follows:

**JURISDICTION AND PARTIES**

1. This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, the Commercial Instruments and Maritime Liens Act, 46 USC §§ 31301 and 31322, F.R.Civ.P. 9(h), and Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff Portland Yacht Services, Inc. ("PYS") is a Maine corporation having its place of business and mailing address at 100 Commercial Street, Portland, ME 04102. PYS is a

boatyard that provides repairs, maintenance, and storage for vessels, including the subject vessel *M/V GHOST*.

3. The Defendant *In Rem*, *M/V GHOST* (O.N. 1222844) is a 68-foot (Length) x 35-foot (Beam) military prototype vessel constructed by Juliet Marine Systems, LLC, in East Kingston, New Hampshire, in 2009, currently flagged in the United States.

4. The Defendant Vessel is currently lying out of the water at PYS which is within the District of Maine.

5. Upon information and belief, at all times relevant to this matter, the Vessel and all her appurtenances thereto, is owned and operated by Juliet Marine Systems, LLC, which is a New Hampshire Corporation having a principal place of business at 10 North Road, East Kingston, New Hampshire, 03827, and / or Juliet Marine Systems, Inc., is a New Hampshire Corporation having a principal place of business at 13 Durham Point Road, Durham, New Hampshire, 03824 (hereinafter collectively "JMS" or the "Vessel Owners").

6. This Court has jurisdiction over the Vessel in that it is, and will be throughout the course of these proceedings, within the State of Maine and this District.

## FACTS

7. Based on information and belief, Defendant Vessel was built in 2009 in East Kingston, New Hampshire, and has since been owned and operated by JMS in the coastal waters of New England for the purpose of developing a vessel prototype for military use.

8. The Vessel was first brought to PYS for storage on or about October 1, 2023, and has since been stored at PYS pursuant to various consecutive storage agreements.

9. Most recently, Vessel Owners entered a Storage and Services Agreement (the "Agreement") with PYS under which the *M/V GHOST* was to be stored at PYS's Portland, Maine, facility from July 1, 2026, through September 30, 2026. **Ex. A, ¶¶** 1-2.

10. Pursuant to the Agreement, if the Vessel Owners and PYS did not execute a new storage agreement by September 30, 2026, the Vessel would incur additional storage fees at the rate of $1087.50 per day. **Ex. A,** ¶ 2.

11. While stored at PYS, the Vessel accrued additional charges totaling $2576.50 related to storage and boatyard labor. **Ex. B.**

12. The $2576.50 remained outstanding at the expiration of the Agreement on September 30, 2026, at which time JMS failed to execute a new agreement with PYS.

13. PYS sent notices to the Vessel Owners about the outstanding balance and expiring Agreement but the Vessel Owners were unresponsive.

14. Since October 1, 2026, pursuant to the Agreement, the Vessel has accrued $1087.50 per day to remain stored at the PYS.

15. Storage of a vessel constitutes "necessaries" giving rise to a maritime lien against a vessel, *in rem*, under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 31301(4), 31342. *See also* Schoenbaum, Thomas J., *Admiralty and Maritime Law* (Sixth Ed.), § 7-3, p. 424 - 432.

16. As of the date of this filing, PYS has accrued a total lien of $30,851.50, inclusive of storage fees and outstanding balances.

17. For the reasons set forth above, the Vessel is liable, *in rem*, to Plaintiff Portland Yacht Services, Inc., for its unsatisfied maritime lien in an amount in excess of $30,851.50, plus

interest, penalties and other charges and costs, costs of collection, and continuing costs *in custodia legis*.

WHEREFORE, Plaintiff Portland Yacht Services, Inc., respectfully requests that this Court:

A. Issue process of maritime arrest against the Defendant *M/V GHOST* (O.N. 1222844), her engines, boilers, tackle, appurtenances, and electronics, *etc.*, pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301 and 31322, *et seq*.

B. Enter Judgment herein in favor of Plaintiff Portland Yacht Services, Inc., in the amount no less than $30,851.50, plus interest, penalties and other charges and costs, costs of collection, and costs *in custodia legis*.

D. Condemn and sell all property attached and/or arrested pursuant to the process prayed for herein at an interlocutory sale so as to satisfy the lien on the *M/V GHOST* (O.N. 1222844) and any judgment of this Court; and

E. Grant such other and further relief in Portland Yacht Services, Inc.'s favor as the Court deems just and proper.

DATED at Portland, Maine, this 26th day of October, 2026.

*/s/ Grayson Szczepaniak*
Grayson P. Szczepaniak, Esq.
Counsel for Plaintiff

**ARCHIPELAGO**
1 Dana St., 4th Floor
Portland, Maine 04101
(207) 558-0102
gszczepaniak@archipelagona.com

**VERIFICATION**

I, Jason Curtis, being duly sworn in my capacity as Vice President of Operations for Portland Yacht Services, Inc., do hereby depose and say:

I am the Vice President of Operations for Portland Yacht Services, Inc. I have read the foregoing Complaint and know the contents thereof, and the same is true based on my personal knowledge, except where stated on information and belief, in which case I believe it to be true.

By: ______________________
Jason Curtis

STATE OF MAINE
Cumberland, ss.

October 26, 2026

Personally appeared before me the above-named Jason Curtis, known to me to be the person who signed the foregoing verification and who, having been duly sworn by me in his capacity as Vice President of Operations for Portland Yacht Services, Inc., and stated that he has read the contents of the foregoing verification and the Complaint, and that the same is true, except where stated on information and belief, in which case she believes it to be true.

______________________
Notary Public

JANE H. PAGE
Notary Public, State of Maine
My Commission Expires February 07, 2031